## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHRISTOPHER OBCHINETZ,** | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| **BOISE CASCADE; BOISE CASCADE BUILDING MATERIALS DISTRIBUTION, L.L.C.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Boise Cascade Company ("BCC") and Boise Cascade Building Materials Distribution, L.L.C. ("BMD"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby give notice of the removal of this lawsuit from the Superior Court of New Jersey Burlington County, Law Division, to the United States District Court for New Jersey. In support of their Notice of Removal, Defendants respectfully submit as follows:

1.      On November 18, 2020, Plaintiff Christopher Obchinetz filed an action in the Superior Court of New Jersey Burlington County, Law Division, captioned *Christopher Obchinetz v. Boise Cascade; Boise Cascade Building Materials Distribution, L.L.C..,* Docket No. BUR-L-1705-20. Plaintiff asserts claims against BCC and BMD for retaliation under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 – 34:19-8 ("CEPA"). These claims allegedly arise out of Plaintiff's employment with BCC and termination therefrom.

2.      Plaintiff served Summonses, a Complaint, and a Civil Case Information Statement upon Defendants on November 24, 2020. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, documents, and pleadings jointly served upon Defendants are attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of the service of the Complaint upon Defendants. BCC and BMD, the only named defendants, consent to the removal of this action.

4.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), insofar as it is a civil action between citizens of different states, in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.      Plaintiff is a citizen of the State of New Jersey. (Complaint, p. 1.)

6.      BCC is a corporation organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Boise, Idaho. (Declaration of Leslie Harvey at ¶ 2, attached as Exhibit B). Thus, BCC is a citizen of Delaware and Idaho. It is not a citizen of New Jersey.

7.      Similarly, BMD is not a New Jersey corporation, nor does it maintain its principal place of business in New Jersey. (Harvey Dec. at ¶ 3). BMD is a Delaware limited liability company, and it maintains its principal place of business in Boise, Idaho. (*Id.*).

8.      The citizenship of an unincorporated association, like a limited liability company, is determined by the citizenship of its members. *Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337, 348 (3rd Cir. 2013). Here, BCC is the sole member of BMD. (Harvey Dec. ¶ 4). As explained above, BCC is a Delaware corporation that maintains its principal place of business in Boise, Idaho. (*Id.*). Therefore, BMD is not a citizen of New Jersey and complete diversity exists between Defendants and Plaintiff.

9.      The Complaint does not set forth an amount in controversy or any sort of a monetary demand. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert

the amount in controversy," 28 U.S.C. 1446(c)(2), and removing defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "The plaintiff fails to meet the amount in controversy requirement only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Knights Franchise Sys., Inc. v. Forward Hotels & Dev., LLC,* Civil Action No. 17-2789, at *7 (D.N.J. June 27, 2019).

10.     Here, while Defendants dispute Plaintiff's allegations and deny that they are liable to him, the amount in controversy exceeds the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a), exclusive of interest and costs. As set forth in the Complaint, Plaintiff seeks lost wages, lost benefits, emotional distress damages, punitive damages, and attorneys' fees. (Complaint, p. 3).

11.     At the time of his termination on October 11, 2019, Plaintiff earned $32,230.67 in annual wages and incentive pay. (Harvey Dec. ¶ 5). He also received $300.00 towards a Health Reimbursement Account; $195.36 in life and disability insurance benefits; $3,450.56 in his 401(k); $5,323.83 in paid time off; and medical, dental, and vision benefits totaling $3,411.45 – all of which were paid on an annual basis. (*Id.*). This amounts to a total annual compensation and benefits package of $44,911.87. (*Id.*). Thus, Plaintiff's monthly compensation totaled $3,742.66.

12.     Over fourteen months have passed since Plaintiff's termination. That brings the amount in controversy on his claims for lost wages and benefits alone to more than $52,397.24. If we assume the case will take one year from the date of removal to proceed to a trial, the amount in controversy on lost wages and benefits at that time will be nearly $105,000.00, well in excess of $75,000.

13.   In addition, Plaintiff seeks punitive damages and emotional distress damages, which add to the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007). If Plaintiff succeeds in establishing liability, a fact finder might conclude that his alleged emotional distress and punitive damages exceed $75,000.

14.   In determining the amount in controversy, courts should also consider the plaintiff's claim for attorneys' fees. *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy*, 245 F. App'x 161, 163 (3rd Cir. 2007). Fee awards in cases filed under CEPA have exceeded the $75,000 threshold in and of themselves. *Donelson v. Dupont Chambers Works*, 206 N.J. 243 (N.J. 2011) (awarding fee award of $523,289).

15.   Considering the *combination* of Plaintiff's potential claims for lost wages, lost benefits, emotional distress damages, punitive damages, and attorneys' fees, it is plausible that a fact finder might conclude that his damages exceed $75,000, exclusive of interest and costs. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is a civil action between citizens of different states.

16.   The United States District Court for New Jersey, therefore, has diversity jurisdiction over this matter.

17.   Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

18.   Pursuant to 28 U.S.C. §§ 105(b)(1), 1391(b)(2) and (3), and 1441(a), venue is proper in the United States District Court for New Jersey, insofar as Burlington County, which is where Plaintiff filed the instant action, is within the district and division embraced by this Court.

19.     As required by 28 U.S.C. § 1446(d), promptly after filing this Notice, the undersigned will provide written notice to Plaintiff and file a copy with the Superior Court of New Jersey Burlington County.  To that end, the Notice of Filing Notice of Removal is attached hereto as Exhibit C.

WHEREFORE, Defendants Boise Cascade Company and Boise Cascade Building Materials Distribution, L.L.C., remove this case from the Superior Court of New Jersey Burlington County—Law Division to the United States District Court for New Jersey.

Respectfully submitted,


/s/ Hannah M. Lindgren
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000
hlindgren@littler.com

Attorney for Defendants

December 23, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I have mailed by U.S. Mail, first-class postage prepaid, the document to the following counsel of record:

David A. Avedissian
135 Kings Highway East
Haddonfield, New Jersey 08033
(856) 857-1901
david@avedissianlaw.com

ATTORNEY FOR PLAINTIFF


/s/ Hannah M. Lindgren
Attorney for Defendants

# EXHIBIT A

**LAW OFFICE OF DAVID A. AVEDISSIAN, ESQUIRE, LLC**
By:   David A. Avedissian, Esquire
NJ Attorney ID #023601997
135 Kings Highway East
Haddonfield, NJ 08033
Phone (856) 857-1901 Fax No. (856) 857-1902
Email:  David@Avedissianlaw.com
Attorney for Plaintiff

| | |
|---|---|
| CHRISTOPHER OBCHINETZ | SUPERIOR COURT OF NEW JERSEY |
| | BURLINGTON COUNTY – LAW DIVISION |
| *Plaintiff* | |
| *vs.* | Docket No. |
| | |
| BOISE CASCADE; BOISE CASCADE | Civil Action |
| BUILDING MATERIALS DISTRIBUTION, | |
| LLC. | **COMPLAINT, JURY DEMAND and** |
| | **DESIGNATION OF TRIAL COUNSEL** |
| *Defendants.* | |

Plaintiff, Christopher Obchinetz, residing in the Township of Maple Shade, County of Burlington, State of New Jersey by way of Complaint against the Defendant, says:

1.      Christopher Obchinetz was employed by defendant, Boise Cascade Company and/or Boise Cascade Building Materials Distribution, LLC (hereinafter collectively "Boise Cascade" or "defendant" in the Delanco, New Jersey branch for approximately 16 years through October 11, 2019.

2.      The position held by Mr. Obchinetz during his tenure with the company was Material Handler/Fork-Lift Operator.

3.      During the course of his employment, Mr. Obchinetz always received favorable annual reviews for his work performance through 2018.

4.      During the summer of 2019, Mr. Obchinetz expressed concerns to his superiors regarding safety conditions onsite. Specifically, some his reported concerns related to the condition of the parking lot, potholes and safety in the yard, and the amount of vehicular traffic permitted thereon.  Obchinetz ultimately emailed these concerns to Corporate HR.

5.      Thereafter, representatives from corporate came to the Delanco branch to inspect the property and evaluate the need to make the work site safer.

6. On September 3, Mr. Obchinetz anonymously reported the safety concerns outlined above to Occupational Safety and Health Administration (hereinafter sometimes "OSHA").

7. On September 11, 2019 Mr. Obchinetz was subjected to discipline by his employer and suspended for "poor job performance." To that point, plaintiff was continuing to complain to his superiors about the volume of trucks allowed on the yard and the behavior of many truck drivers while on site.

8. Mr. Obchinetz observed no actions were taken to address safety at defendant's work site until the beginning of October 2019, when pavers were brought in to fill some potholes.

9. Nevertheless, a large pothole remained where Mr. Obchinetz worked until October 11, 2019.

10. The *New Jersey Conscientious Employee Protection Act*, *N.J.S.A.* §§ 34:19-1 – 34:19-8 ("*NJ CEPA*"), prohibits all public and private employers from retaliating against employees who disclose, object to, or refuse to participate in certain actions that the employees reasonably believe are either illegal or in violation of public policy.

11. More particularly, the New Jersey Conscientious Employee Protection Act bars all employers from taking retaliatory action against an employee because the employee does any of the following:

- Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes (a) is in violation of a law, or a rule or regulation promulgated pursuant to law or, in the case of an employee who is a licensed or certified health care professional, that the employee reasonably believes constitutes improper quality of patient care, or (b) is fraudulent or criminal;

- Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer, or another employer, with whom there is a business relationship; or

- Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes (a) is in violation of a law, or a rule or regulation promulgated pursuant to law, (b) is fraudulent

or criminal, or (c) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

*See N.J.S.A.* §§ 34:19-3, 34:19-3(a), 34:19-3(b), 34:19-3(c); *see id.* § 34:19-2.

12.    To state a *prima facie* case under CEPA, a plaintiff must simply establish that: (a) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (b) he or she performed a "whistle-blowing" activity described in [NJ CEPA]; (c) an adverse employment action was taken against him or her; and (d) a causal connection exists between the whistle-blowing activity and the adverse employment action

13.    On October 11, 2019 Mr. Obchinetz was terminated under the pretext of "poor performance" and "insubordination" and was provided with a severance agreement which he refused to sign.

14.    Plaintiff believes and therefore avers that his discipline and termination was related exclusively related to the fact that he made complaints about workplace safety to his superiors, the corporate headquarters, and ultimately, OSHA.

WHEREFORE, Plaintiff, Christopher Obchinetz, demands judgment against defendants, for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, including for his emotional distress, reinstatement of full fringe benefits, compensation for lost wages and benefits, punitive damages, and recoupment of reasonable costs and attorney's fees pursuant to *N.J.S.A.* § 34:19-5 together with interest.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action pending in any Court and is not the subject of a pending arbitration proceeding.  Further, there are no other parties who should be joined in this litigation of whom I am aware, other than those named herein.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff hereby DEMANDS a trial by jury as to all issues in the within cause of action.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that David A. Avedissian, Esquire is hereby designated as trial counsel.

By: /s/ David A. Avedissian
David A. Avedissian, Esquire

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-001705-20**

Case Caption: OBCHINETZ CHRIS  VS BOISE CASCADE

Case Initiation Date: 09/04/2020

Attorney Name: DAVID A AVEDISSIAN

Firm Name: DAVID A. AVEDISSIAN, LLC

Address: 135 KINGS HIGHWAY EAST

HADDONFIELD NJ 08033

Phone: 8568571901

Name of Party: PLAINTIFF : Obchinetz, Chris

Name of Defendant's Primary Insurance Company

(if known): Unknown

Case Type: WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Chris Obchinetz? NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/04/2020

Dated

/s/ DAVID A AVEDISSIAN

Signed

**LAW OFFICE OF DAVID A. AVEDISSIAN, ESQUIRE, LLC**
**By: David A. Avedissian, Esquire**
**Attorney ID #023601997**
**135 Kings Highway East**
**Haddonfield, NJ 08033**
**(856) 857-1901  Fax No. (856) 857-1902**
**Attorney for Plaintiff**

| | |
|---|---|
| CHRISTOPHER OBCHINETZ<br><br>    *Plaintiff*<br>**vs.**<br><br>BOISE CASCADE; BOISE CASCADE<br>BUILDING MATERIALS DISTRIBUTION, LLC.<br><br>      *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY – LAW DIVISION<br><br>Docket No. BUR-L-1705-20<br><br>   Civil Action<br><br>**SUMMONS** |

From the State of New Jersey to the Defendant: **BOISE CASCADE**

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.

     A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Michelle M. Smith, Clerk
Superior Court of New Jersey

Dated:  November 18, 2020

Name of Defendant to be served:       **BOISE CASCADE**
Address for Service:                              c/o Corporation Trust Company
                                                          820 Bear Tavern Road
                                                          West Trenton, NJ 08628

**LAW OFFICE OF DAVID A. AVEDISSIAN, ESQUIRE, LLC**
**By: David A. Avedissian, Esquire**
**Attorney ID #023601997**
**135 Kings Highway East**
**Haddonfield, NJ 08033**
**(856) 857-1901 Fax No. (856) 857-1902**
**Attorney for Plaintiff**

| | |
|---|---|
| CHRISTOPHER OBCHINETZ<br><br>***Plaintiff***<br>***vs.***<br><br>BOISE CASCADE; BOISE CASCADE BUILDING MATERIALS DISTRIBUTION, LLC.<br><br>***Defendants.*** | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY – LAW DIVISION<br><br>Docket No. BUR-L-1705-20<br><br>Civil Action<br><br>**SUMMONS** |

From the State of New Jersey to the Defendant:

**BOISE CASCADE BUILDING MATERIALS DISTRIBUTION, LLC.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.

A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at

http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Michelle M. Smith, Clerk
Superior Court of New Jersey

Dated:  November 18, 2020

Name of Defendant to be served:      **BOISE CASCADE BUILDING MATERIALS
                                      DISTRIBUTION, LLC.**

Address for Service:                 c/o Corporation Trust Company
                                     820 Bear Tavern Road
                                     West Trenton, NJ 08628

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **CHRISTOPHER OBCHINETZ,** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BOISE CASCADE; BOISE CASCADE** | ) | |
| **BUILDING MATERIALS** | ) | |
| **DISTRIBUTION, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF LESLIE HARVEY IN SUPPORT OF NOTICE OF REMOVAL**

I, Leslie Harvey, declare as follows:

1.      I am Human Resources Director for Boise Cascade Company.  In this role, I have both personal knowledge of the facts set forth herein and knowledge based upon corporate records and data maintained in the normal course of business that I have obtained and reviewed, and, if called as a witness, I could and would testify competently to the truth of such matters.

2.      Boise Cascade Company is a corporation organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Boise, Idaho.

3.      Boise Cascade Building Materials Distribution, L.L.C. is not a New Jersey corporation, nor does it maintain its principal place of business in New Jersey.  It is a Delaware limited liability company, and it maintains its principal place of business in Boise, Idaho.

4.      Boise Cascade Company is the sole member of Boise Cascade Building Materials Distribution, L.L.C.

5.      At the time of his termination on October 11, 2019, Christopher Obchinetz earned $32,230.67 in annual wages and incentive pay.  He also received $300.00 towards a Health Reimbursement Account; $195.36 in life and disability insurance benefits; $3,450.56 in his 401(k);

$5,323.83 in paid time off; and medical, dental, and vision benefits totaling $3,411.45 – all of which were paid on an annual basis.  This amounts to a total annual compensation and benefits package of $44,911.87 and monthly compensation of $3,742.66.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Dated:  December 23, 2020

_Leslie Harvey_  _____

LESLIE HARVEY



## Certificate Of Completion

Envelope Id: 24F6208758AE49C38AFFDABBE9323B9F
Subject: Please DocuSign: Declaration of Leslie Harvey 4842-6132-0148 1 revised clean.docx
Source Envelope:
Document Pages: 2
Certificate Pages: 2
AutoNav: Disabled
EnvelopeId Stamping: Disabled
Time Zone: (UTC-07:00) Mountain Time (US & Canada)

Signatures: 1
Initials: 0

Status: Completed

Envelope Originator:
Leslie Harvey
1111 W Jefferson St # 300
Boise, ID  83702-5383
LeslieHarvey@bc.com
IP Address: 69.92.6.151

## Record Tracking

Status: Original
　　　　12/23/2020 9:07:53 AM

Holder: Leslie Harvey
　　　　LeslieHarvey@bc.com

Location: DocuSign

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Leslie Harvey<br>leslieharvey@bc.com<br>BMD HR Director<br>Boise Cascade Company<br>Security Level: Email, Account Authentication (None) | *Leslie Harvey*<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 69.92.6.151 | Sent: 12/23/2020 9:08:25 AM<br>Viewed: 12/23/2020 9:08:32 AM<br>Signed: 12/23/2020 9:10:12 AM<br>Freeform Signing |
| **Electronic Record and Signature Disclosure:**<br>　　Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| leslie Harvey<br>leslieharvey@bc.com<br>BMD HR Director<br>Boise Cascade Company<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 12/23/2020 9:10:12 AM |
| **Electronic Record and Signature Disclosure:**<br>　　Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 12/23/2020 9:08:25 AM |
| Certified Delivered | Security Checked | 12/23/2020 9:08:32 AM |
| Signing Complete | Security Checked | 12/23/2020 9:10:12 AM |
| Completed | Security Checked | 12/23/2020 9:10:12 AM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

# EXHIBIT C

Hannah M. Lindgren
NJ Bar No. 326049
hlindgren@littler.com
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
     Telephone: (267) 402-3000

*Attorney for Defendants,*
*Boise Cascade Company & Boise Cascade*
*Building Materials Distribution, LLC*

| | |
|---|---|
| **CHRISTOPHER OBCHINETZ,** | **SUPERIOR COURT OF NEW JERSEY** |
| | **BURLINGTON COUNTY – LAW DIVISION** |
| Plaintiff, | |
| | Docket No.: BUR-L-1705-20 |
| v. | |
| | |
| **BOISE CASCADE; BOISE** | |
| **CASCADE BUILDING** | **NOTICE OF FILING** |
| **MATERIALS DISTRIBUTION,** | **NOTICE OF REMOVAL** |
| **LLC,** | |
| | |
| Defendants. | |

PLEASE TAKE NOTICE that the above-captioned matter has been removed from the Superior Court of New Jersey Burlington County, Law Division, where it was previously pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. A copy of the Notice of Removal is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446, the filing of a Notice of Removal in the United States District Court, together with the filing of a copy of a Notice of Filing Notice of Removal with the Superior Court, effects the removal of this action and this Superior Court may proceed no further unless and until the case is remanded.

Dated:  December 23, 2020                    LITTLER MENDELSON, P.C.

                          By:        */s/ Hannah M. Lindgren*
                                     Hannah M. Lindgren
                                     NJ Bar No. 326049
                                     hlindgren@littler.com
                                     Three Parkway
                                     1601 Cherry Street, Suite 1400
                                     Philadelphia,  PA 19102.1321
                                     Telephone: (267) 402-3000

                                     *Attorney for Defendants,*
                                     *Boise Cascade Company & Boise Cascade*
                                     *Building Materials Distribution, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished via E-Mail to: Attorney for Plaintiff, David A. Avedissian at 135 Kings Highway East Haddonfield, New Jersey 08033 on this 23rd day of December, 2020.

/s/ *Hannah Lindgren*
Hannah M. Lindgren